IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DENARO, ) | |
| Movant, ) | Criminal Case No. CR00-10218-RWZ |
| v. ) | Civil Case No. _____ |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | 05-10432 |
| _____) | |

MOVANT'S 28 U.S.C. §2255 MOTION TO VACATE, SET ASIDE OR

CORRECT SENTENCE WITH INCORPORATED MEMORANDUM OF LAW

AND REQUESTING A HEARING THEREON

COMES NOW, the Movant, John Denaro (hereinafter Movant), pro se, invoking Haines v. Kerner, 404 U.S. 519 (1972), and respectfully files this motion before this Honorable Court. As grounds for the granting of this motion Movant states and shows as follows.

JURISDICTION

This Court has jurisdiction over the subject matter of this motion under 28 U.S.C. §2255.

JURISDICTIONAL STATEMENT

Movant submits that this motion is timely filed within the one year limitations as set forth by the ADEPA because, the motion has been filed within one year after the First Circuit Court of Appeals affirmed Movant's conviction and sentence.

## STATEMENT OF THE CASE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DENARO, | ) | |
| Movant, | ) | |
| v. | ) | Criminal Case No. CR00-10218-RWZ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Civil Case No. _____ |
| | ) | |

MOVANT'S DECLARATION IN SUPPORT OF HIS 28 U.S.C. §2255 MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

I, John Denaro, the Movant in the above captioned 28 U.S.C. §2255 motion, hereby declare under penalty of perjury:

1. All submitions and case law as submitted in my §2255 motion are true and correct to the best of my knowledge.

2. The above referenced §2255 motion has been submitted in the interest of justice.

THIS DECLARATION IS SUBMITTED UNDER PENALTY OF PERJURY UNDER THE PROVISION/S OF 28 U.S.C. §1745.

_____
John Denaro, pro se.
(Affiant)

1-of-1

## STATEMENT OF THE CASE

On June 22, 2000, a grand jury returned an eight count indictment against John Denaro and two other individuals (Kyle Visco and Tiffeny Franklin). On July 13, 2000, a grand jury returned a nine count first superseding indictment which added one defendant (Yoleida Aguirre) and one substantive count.

The superseding indictment alleged that John Denaro and his co-defendants had conspired to distribute at least 500 grams of cocaine over a two-and-a-half-year period between February, 1998 and July, 2000. The superseding indictment also included eight substantive counts charging one or more of the defendants with possessing cocaine with intent to distribute or distributing cocaine on various dates. Petitioner was named in five of the substantive counts alleging he had either sold cocaine or possessed cocaine with intent to distribute on five separate dates between April 6, 1999 and December 30, 1999.

The case against Petitioner came on for trial on July 8, 2001, in the district court (Hon. Zobel, J., presiding). On the morning of the third day of trial, Petitioner indicated that he wished to plea guilty to all the charges against him. After a colloquy on the ramifications of his guilty plea, the Petitioner pled guilty to all counts of the superseding indictment in which he was charged (e.g. <u>500</u> grams or more of cocaine).

On November 16, 2001, the Court held a sentencing hearing. After hearing statements by a government witness the district

-2-

court sentenced Petitioner to 135 months' imprisonment.

## STATEMENT OF FACTS

1. The Drug Enforcement Administration's Investigation of Petitioner and his co-defendants:

According to the government's appellate brief, the investigation that produced the indictments in this case was initiated in late 1998 when Agents and Task Force Agents of the Drug enforcement Administration ("DEA") Cape Cod Task Force (the "Task Force") received information about the drug trafficking activities of John Denaro and his co-defendants. Over the next 18 months, Task Force members purchased or seized more than 400 grams of cocaine from the defendant's house, his car, and from construction equipment which according to DEA Petitioner had modified to conceal drugs. Further, according to the government search of the construction equipment found in Petitioner's car produced the finding of 240.2 grams of cocaine on December 30, 1999.

2. Petitioner's Indictment:

The original indictment was returned shortly before the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The indictment charged Petitioner with conspiracy to posess and possession of five (5) or more kilograms of cocaine. After <u>Apprendi</u>, the grand jury returned the superseding indictment. The superseding indictment contains an express a

-3-

of 151 to 188 months. (PSR, ¶165).

In Movant's written objections to the PSI counsel clearly argued that the superseding indictment limited the court's fact-finding abilities at sentencing and precluded it from holding Movant responsible for more that 500 grams of cocaine.

### 5. The Superseding Indictment

The original indictment was returned shortly before the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). That indictment contained a "Notice of Applicability" which charged Movant with five or more kilograms of cocaine, implicating 21 U.S.C. §841(b)(1)(A)(ii)'s sentencing range. After Apprendi, the grand jury returned the superseding indictment pursuant to which Movant stands convicted and sentenced. The superseding indictment contained an expressed allegation in Count One that the conspiracy involved "500" grams of cocaine. It was this superseding indictment which was presented to the jury during Movant's trial and pursuant to which Movant entered his guilty plea.

### 6. The Sentencing Hearing and Movant's Attempt to Withdraw His Plea

The matter came on for sentencing on November 16, 2001. As the court began to outline the disputed issues that had to be

-6-

resolved at the outset of the hearing, defense counsel announced that he felt compelled to "preserve" his client's right to attack the guilty plea by arguing that it was not foreseeable at the time of Movant's guilty plea that the court might find that his client was responsible for 7,000 grams of cocaine or that his client would be facing a ten year mandatory sentence (Sent. p.4).

The district court explained to defense counsel that the 10 year mandatory minimum was not an issue in this case because the court could arrive at a 10-year sentence under the guidelines through its drug quantity determinations. (Sent. p.5). Defense counsel nevertheless asked the court to set aside his client's plea, which request the court denied (Sent. p.9).

7. Movant's Apprendi Argument During His Direct Appeal

During his direct appeal Movant argued that under Apprendi v. New Jersey, supra, the imposed sentence constituted a variance from his superseding indictment and plea agreement. The argument basically pointed out that both the superseding indictment and the plea agreement clearly set forth the specific amount of "500" grams of cocaine and that any other amount charged to Movant at sentencing superseded the superseding indictment and plea agreement.

-7-

In essence, Movant's counsel argued that because Movant had pleaded guilty to "500" grams of cocaine then, Movant's sentence was limited to the punishment prescribed by the United States Sentencing Guidelines (U.S.S.G.) for "500" grams of cocaine, and that any judge-made findings conducted under the preponderance of the evidence standard were unconstitutional because, the findings would supersede the terms of the plea agreement and the superseding indictment. However, the district court disagreed with counsel at Movant's sentencing and the First Circuit affirmed the district court's ruling by noting that under Apprendi Movant could be sentenced under 21 U.S.C. §841 and thus, as long as the sentence did not surpass the maximum statutory punishment under §841 the sentence was consistent with Apprendi.

### ARGUMENT AND MEMORANDUM OF LAW

### MOVANT'S SENTENCE VIOLATES MOVANT'S CONSTITUTIONAL RIGHT TO JURY TRIAL UNDER THE SIXTH AMENDMENT AND THUS, THE SENTENCE NECESSITATES VACATING AND CORRECTING

Movant submits that had the Court of Appeals had the benefit of Blakely's clarification of Apprendi then, the Court would not have affirmed Movant's conviction and sentence. See Blakely v. Washington, ___ U.S. ___, No. 02-1632 (2004).

In Blakely the Supreme Court considered whether sentencing procedure followed by courts in the State of Washington deprived the petitioner in that case of his 'federal constitutional right to have a jury determine beyond a reasonable doubt all facts

legally essential to his sentence." 2004 WL 1402697 at *4. In the state proceedings, the Blakely petitioner pleaded guilty to second degree kidnapping, involving domestic violence and use of a firearm. Id. at *2. Under the Washington Criminal Code, second degree kidnapping is a class B felony that carries a maximum statutory sentence of ten years. Id. The Washington Sentencing Reform Act (the Washington Act) further limited the sentencing range to 43-53 months. Id. The Washington Act, however, permitted the judge to impose a sentence above that range upon finding "substantial and compelling reasons justifying an exceptional sentence." Id. (citing Wash.Rev. Code § 9.94A.210(2)). During Blakely's sentencing proceeding, the judge imposed an "exceptional sentence" of 90 months. Id. at *3. This enhanced sentence was based on the judge's finding that the defendant used "deliberate cruelty," which is a statutorily enumerated ground for departure in domestic violence cases under the Washington Act. Id. The sentence was upheld on rehearing and on appeal to the Washington State Court of Appeals. Id. at *4. The Washington Supreme Court denied discretionary review. Id.

On review in the United States Supreme Court, the Court held that the state's sentencing procedure violated the Blakely petitioner's Sixth Amendment right to trial by jury under

-9-

Apprendi and its progency. Id. at *6, see 530 U.S. 466 (2000). In Apprendi, (2000), supra, the Court determined that "[o]ther than the fact of a prior conviction, any fact which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. The Court reasoned that the Due Process Clause and the Sixth Amendment right to a jury trial "indisputably entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged beyond a reasonable doubt." Id. at 477.

Further, in Ring v. Arizona, the Court struck down a statute on the basis of Apprendi, stating that "[i]f a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the state labels it - must be found by a jury beyond a reasonable doubt... A defendant may not be expose[d]... to penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury's verdict alone." 536 U.S. 584, 602 (2002) (internal citations omitted). In Blakely, the Court applied this precedent to the Washington guideline scheme, explaining:

> "Our precedents make clear... that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant... In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional

findings. When a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment... and the judge exceeds his proper authority.

Id., 2004 WL 1402697 at *4 (emphasis in original). Thus, the rule of Apprendi, as explained in Ring and Blakely, establishes that any fact "legally essential to the punishment" must be proven beyond a reasonable doubt to a jury or admitted by the defendant. Id. at *9.

Movant, therefore submits that the Apprendi line of cases, as clarified by Blakely, establishes that his sentence violates his Sixth Amendment right to jury trial and that the imposition of such sentence constitutes clear error. As set forth above, Movant's superseding indictment charged Movant with "500" grams of cocaine and Movant's plea clearly informed Movant that he would be held liable for "500" grams of cocaine. Consequently, Movant's sentence was to be administered under Level 26 U.S.S.G., which in return mandates for a term of imprisonment of 63 months. Further, a three level reduction for acceptance of responsibility is also appropriate and therefore, Movant's sentence should have been imposed under Level 23 U.S.S.G., which mandates for 46 month's imprisonment.

Movant prays of this Court to notice that the Blakely decision is based on law in existence at the time of Movant's sentence and direct appeal. As noted by the Court, the Blakely

decision flowed naturally from Apprendi and its progeny; Blakely, 2004 WL 1402697 at *4. Denial of this motion would constitute failure by this Court to recognize Movant's Sixth Amendment rights and failure to apply these rights to the sentencing calculation as set forth above - would constitute clear thus, plain error by this Court.

## CONCLUSION

For the foregoing reasons, Movant prays of this Honorable Court to grant this motion.

Respectfully Submitted,

_____
John Denaro, Pro Se.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing 28 U.S.C. § 2255 motion was served on this 3rd day of March, 2005 to: United States Attorney's Office, Michael D. Ricciuti, AUSA, John A Wartman, AUSA, One Courthouse Way, Boston, Massachusetts 02210. The service was conducted by placing the foregoing in a first class postage envelope and depositing it in the prison mail box designated for legal mail only.

This Certificate of Service is submitted under 28 U.S.C. § 1746.

_____
John Denaro, Pro Se.