UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DENARO                        )
                                   )
        v.                         )
                                   )   Civil No. 05-10432-RWZ
                                   )
UNITED STATES                      )


GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION[1]


On July 13, 2000, a grand jury returned a nine-count First Superseding Indictment against John Denaro and three co-defendants. The indictment alleged that Denaro had conspired to distribute at least 500 grams of cocaine over a two-and-a-half-year period between February, 1998 and July 2000.  The indictment also included eight substantive counts charging one or more of the defendants with possessing cocaine with intent to distribute or distributing cocaine.  Denaro was named in five of the substantive counts alleging that he had either sold cocaine or possessed cocaine with the intent to distribute on five separate dates between April 6, 1999 and December 30, 1999.

The case against Denaro proceeded to a trial that began on July 8, 2001.  Over the first two trial days, the jury heard testimony from three police officers who had either purchased or

_____

[1]    Unless otherwise indicated, facts set forth in the government's response are taken from the Presentence Report ("the PSR") in this matter and from the United States Court of Appeals' affirmance of this Court's Judgment of Conviction.  See United States v. Denaro, 2004 WL 503878 (1st Cir. 2004).

seized cocaine from Denaro during the investigation. [7/8/01 Tr at 1-175]. Thirty-five drug and drug-related exhibits seized from Denaro were also admitted into evidence. The exhibits included five bags of cocaine, reams of drug ledgers, scales and other drug processing equipment, and specially modified caulking cartridges that Denaro had used to transport cocaine on December 30, 1999 and other dates.

By the third morning of trial (July 11, 2001), Denaro decided that he had seen enough and informed the court that he wished to plead guilty. With the exception of one issue regarding the assets to be forfeited, the plea was "straight up," i.e., Denaro agreed to plead guilty to all of the charges against him.

The matter came on for sentencing on November 16, 2001. [D. 212]. Although the defendant contested the applicable drug weight and role adjustment the PSR had assigned him, he never questioned the power of the Court to determine these issues or the constitutionality of the Federal Sentencing Guidelines.

The Court heard evidence regarding the things that Denaro did contest and considered an extensive written record that included a sheath of drug ledgers documenting hundreds of cocaine sales. After hearing the evidence and the arguments of counsel, the district found the defendant responsible for between 5 and 15 kilograms of cocaine and assessed him a three-level role enhancement rather than the four levels recommended in the PSR.

[7/11/02 Tr. at 120-123].  Based on these findings, the court determined that the defendant was subject to a ten-year mandatory minimum sentence,  had an adjusted offense level of 33, and a resulting Guideline Range of 135-168 months. [Id.].  The court then imposed a sentence of 135 months and four years of supervised release. [Sent. Tr at 125-126].

The judgment of conviction was issued on November 27, 2001. It confirmed the findings announced by the Court and adopted the findings in the PSR except insofar as the court found the proper role enhancement to be three rather than four levels.

Denaro thereafter appealed both his conviction and his sentence.  On appeal, he argued that this Court erred by not allowing him to withdraw his guilty plea, that its guideline determinations were erroneous, and that the allegation in the indictment that Denaro was responsible for "at least 500 grams of cocaine" precluded the Court from determining that he was responsible for 5 kilograms on as a matter of law because he claimed that this amounted to a "material variance."  On March 14, 2004, the First Circuit affirmed Denaros's conviction and sentence in an unpublished opinion.  See United States v. Denaro, 2004 WL 503878 (1st Cir. 2004).

**ARGUMENT**

Denaro now moves for relief pursuant to 28 U.S.C. § 2255(3). That statute permits prisoners to seek habeas relief within one

year of the date on which a right was initially recognized by the
Supreme Court if that right has newly recognized by the Supreme
Court and made retroactive to cases on collateral review.

The only claim set forth in the Petition is based on <u>Blakely
v. Washington</u>, 124 S.Ct. 2531 (2004).  Denaro argues that <u>Blakely</u>
should be applied retroactively on collateral review and that
<u>Blakely</u> precluded this court from factfinding which adversely
effected his sentence.

On January 12, 2005, the Supreme Court decided <u>United States
v. Booker</u>, 125 S.Ct. 738 (2005), holding that the principles
enunciated in <u>Blakely</u> applied to the United States Sentencing
Guidelines ("guidelines").  Although the Supreme Court concluded
that a mandatory guideline system violates the Sixth Amendment,
the Court in a separate decision preserved the guideline
sentencing scheme by severing those provisions of the Sentencing
Reform Act ("the Act") that made the guidelines mandatory.
<u>Booker</u>, 125 S.Ct. at 756.  Consequently, the guidelines are now
"effectively advisory." <u>Id</u>.  As modified, the Act now "requires
a sentencing court to consider Guidelines ranges, <u>see</u> 18 U.S.C.A.
§ 3553(a)(4) (Supp.2004), but  permits the court to tailor the
sentence in light of other statutory concerns as well. <u>See</u> 18
U.S.C. §3553(a) (Supp. 2004).

Denaro doesn't mention (much less discuss) <u>Booker</u> in his
petition.  And with good reason.  The simple fact is that <u>Booker</u>

4

dooms Denaro's claim both because the advisory guideline system
it established eliminates any constitutional issue in his
sentencing procedures and because these new procedural rules do
not apply retroactively on collateral review. Because the
Petition fails as a matter of law, it must be summarily
dismissed. E.g., Carey v. United States, 50 F.3d 1097, 1098 (1st
Cir. 1995) ("Summary dismissal of a §2255 petition is appropriate
if it plainly appears from the face of the motion that the movant
is not entitled to relief").[2]

### 1.  __Booker eliminates any constitutional defect in Denaro's sentencing__

The Supreme Court in both Blakely and Booker held that Sixth
Amendment rights are not implicated when a judge sentences based
on facts admitted by the defendant. Booker, 125 S.Ct. at 755;
Blakely, 124 S.Ct. at 2537. By pleading guilty to an indictment
alleging that he was responsible for at least 500 grams of
cocaine, Denaro acknowledged that he was subject to a sentence of

---

[2]    Denaro's predictable request for a hearing fails under
familiar principles.  In 2255 matters, the burden is on the
petitioner to establish both the need for an evidentiary hearing,
and his entitlement to the relief he seeks. McGill, 11 F.3d at 225
See also David v. United States 134 F.3d 470, 478 (1st Cir. 1998)
(even if not conclusively belied by the record, §2255 petitions
based on vague, conclusory or incredible claims may be summarily
dismissed).  Where a petition: "(1) is inadequate on its face; or,
(2) although facially adequate, is conclusively refuted as to the
alleged facts by the files and records of the case," DiCarlo, 575
F.2d at 954, summary dismissal is appropriate. See also McGill, 11
F.3d at 225. ("In most situations, motions can be 'heard'
effectively on the papers...").

up to 40 years based on the conspiracy count alone.  <u>See</u> <u>Denaro</u>,
2004 WL 503878 at *1 (describing plea colloquy).  The Court
sentenced Denaro to 135 months.  Thus, even accepting Denaro's
argument from a substantive perspective, the Court post-<u>Booker</u>
*could* have sentenced him to 40 years based on the facts he agreed
to in his plea under an advisory guideline system.  In short,
Denaro's sentence did not exceed the maximum authorized by the
facts established through the defendant's admission or plea of
guilty and therefore did not violate any <u>post-Booker</u> Sixth
Amendment right.

**2.  <u>Booker does not apply retroactively on collateral review</u>**

Even assuming the Denaro had an arguable Sixth Amendment
claim, his Petition nevertheless fails because the constitutional
rights first recognized in <u>Apprendi v. New Jersey</u>, 530 U.S. 466
(2000) and subsequently extended in both <u>Blakely</u> and <u>Booker</u> do
not apply retroactively in § 2255 proceedings.  Every case which
has considered this issue post-<u>Blakely</u> has refused to do what
Denaro asks here, at least until the Supreme Court agrees.  <u>E.g.</u>,
<u>United States v. Leonard</u>, 2005 WL 139183 (10th Cir. Jan. 24,
2005) (<u>Blakely</u> and <u>Booker</u> are new rules of criminal procedure
that apply "retroactively only to cases pending on direct review
or cases that are not yet final."); <u>United States v. Price</u>, 2004
WL 2905381 (10th Cir. Dec. 16, 2004) (<u>Blakely</u> does "not apply
retroactively to cases on collateral review."); <u>Varela v. United</u>

States, --- F.3d ----, 2005 WL 367095 at *3-*4 (11th Cir. Feb. 17, 2005) ("Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." (citation omitted)); McReynolds v. United States, --- F.3d ----, 2005 WL 237642 at *2 (7th Cir. Feb. 2, 2005) (Booker will not be applied retroactively to cases in which the conviction and sentences became final prior to Booker being issued); Green v. United States, --- F.3d ----, 2005 WL 237204 (2nd Cir. Feb. 2, 2005) (neither Booker nor Blakely apply retroactively to a second or successive § 2255 proceeding). Indeed, the Supreme Court itself in Booker expressly noted that its holding applied to "all cases on direct review." 125 S.Ct. at 769.

The reason for this consistent line of cases is of course that Blakely/Booker reflects a "new" rule of criminal procedure. Teague v. Lane, 489 U.S. 288 (1989); Butler v. McKellar, 494 U.S. 407,415 (1990) (unless a legal principle is compelled by existing precedent, i.e., not "susceptible to debate among reasonable minds"-- it is a new rule that will not be applied retroactively).[3] Hence, it cannot be applied retroactively

---

[3] In support of its statement that Booker applied to "all cases on direct review," the Supreme Court cited Griffith v. Kentucky, 479 U.S. 314 (1987), and included the following parenthetical quotation: " '[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with

unless it is a "watershed rule," that is, a rule without which "the likelihood of an accurate conviction is seriously diminished." <u>Schriro</u> v. <u>Summerlin</u>, 2004 WL 1402732 at *4-5 (June 24, 2004).

The conclusion that <u>Blakely/Booker</u> cannot be applied retroactively under these principles is demonstrated by the treatment of retroactivity under <u>Apprendi</u> and <u>Ring</u>. The First Circuit has already concluded that neither <u>Apprendi</u> nor <u>Blakely</u> applies retroactively on collateral review unless and until the Supreme Court says they do. <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 15 (1st Cir. 2000) ("[I]t is clear that the Supreme Court has not made the rule [in Apprendi ] retroactive to cases on collateral review...."); <u>Cuevas v. Derosa</u>, 386 F.3d 367, 368 (1st Cir. 2004) (denying an application for leave to file a second or successive 2255 petition because the Supreme Court has not yet made <u>Blakely</u> retroactive to cases on collateral review). Every other circuit has reached the same conclusion. <u>E.g.</u>, <u>United States</u> v. <u>Swinton</u>, 333 F.3d 481 (3d Cir. 2003); <u>Coleman</u> v. <u>United States</u>, 329 F.3d 77 (2d Cir. 2003); <u>Goode v. United States</u>, 305 F.3d 378 (6th Cir. 2002); <u>United States v. Brown</u>, 305 F.3d 304 (5th Cir. 2002); <u>Curtis v. United States</u>, 294 F.3d 841 (7th Cir. 2002); <u>United States v. Mora</u>, 293 F.3d 1213 (10th Cir.

---

the past.' " 125 S.Ct. at 769. Thus, the Court considers the <u>Booker</u> rule to be "new."

8

2002); <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th Cir. 2002); <u>McCoy v. United States</u>, 266 F.3d 1245 (11th Cir. 2001); <u>United States v. Moss</u>, 252 F.3d 993 (8th Cir. 2001); <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir. 2001).  Although <u>Sustache-Rivera</u> and these other cases dealt with <u>Apprendi</u>, the same result is required here because judicial factfinding  does not increase the likelihood of a wrongful conviction and hence <u>Blakely</u> is no more of a watershed rule.  <u>Derosa</u>, 386 F.3d at 368.

To the extent that anything further is needed to conclude that <u>Blakely</u> does not apply retroactively on collateral review, it is the Supreme Court's decision in <u>Schriro</u> v. <u>Summerlin</u>, 2004 WL 1402732 (June 24, 2004) issued the same day as <u>Blakely</u>.  In <u>Summerlin</u>, the Court considered whether <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), applies retroactively to cases that had already become final when <u>Ring</u> was decided.  <u>Ring</u>, of course, held that because Arizona law authorized the death penalty only if an aggravating factor was present, <u>Apprendi</u> required the existence of such a factor to be proved to a jury rather than to a judge. Summerlin's death sentence was based on judicial factfinding and became final long before <u>Ring</u> was decided.

The Supreme Court held that "<u>Ring</u> announced a new procedural rule that does not apply retroactively to cases already final on direct review."  <u>Summerlin</u>, 2004 WL 1402732 at *7.  The Court explained that a "new rule" resulting from one of its decisions

9

applies to convictions that are already final only in limited circumstances.  New <u>substantive</u> rules generally apply retroactively, but new <u>procedural</u> rules generally do not – only "watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding" are given retroactive effect.  <u>Id</u>. at *3.  The Court concluded that <u>Ring</u> is properly classified as procedural, rather than substantive, because it did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, it merely changed the method of determining whether the defendant engaged in that conduct.  <u>Id</u>. at *4.

The Court also held that <u>Ring</u> did not fall within <u>Teague</u>'s narrow exception for "watershed rules" of criminal procedure. <u>Id</u>.  To qualify as a watershed rule, a new procedural rule must be one "without which the likelihood of an accurate conviction is seriously diminished."  The Court held that <u>Ring</u> did not announce a watershed rule of criminal procedure because the Court could not confidently say that judicial factfinding seriously diminishes the accuracy of capital sentencing proceedings.  <u>Id</u>. at *4-*5.  Because <u>Summerlin</u> dooms any argument that <u>Blakely</u> could apply retroactively, Denaro's Petition should be denied. <u>See also</u> <u>Zawadzki v. United States</u>, Civ. No.  04-CV-12114-WGY (D. Mass. 2004) (Young, C.J.) (dismissing 2255 Petition because <u>Blakely</u> is not retroactive and "does not fit the exception under

10

<u>Teague v. Lane</u>"); <u>Colon v. United States</u>, 04-10289-NG (D. Mass. 2005)(Gertner, J.) (denying motion to amend 2255 Petition to assert <u>Booker</u> claim without prejudice because Supreme Court has not yet declared that <u>Booker</u> applies retroactively on collateral review); <u>Orchard v. United States</u>, 332 F.Supp.2d 275, 277 (D.Me. 2004)("the extension of the <u>Apprendi</u> rule announced in <u>Blakely</u> is a rule of criminal procedure that may not be applied retroactively). <u>See generally</u> <u>Cuevas v. C.J. DeRosa</u>, 386 F.3d 367, 368 (1st Cir. 2004) ("... if the Supreme Court in the future makes <u>Blakely</u> retroactive, the petitioner may at any time attempt to assert a claim by means of a second or successive § 2255 petition.")

## CONCLUSION

The sentence imposed by this Court did not violate the Petitioner's Sixth Amendment rights. Even assuming a Sixth Amendment violation could have occurred, the Petitioner did not raise the constitutional claim in his appeal, and his case was "final" prior to the Supreme Court's decision in <u>Booker</u>. The rights established in <u>Booker</u> and <u>Blakely</u> are not retroactively applicable to cases on collateral review. Thus, Denaro has not advanced any grounds entitling him to relief and his Petition

under section 2255 must be summarily dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s John A. Wortmann, Jr
JOHN A. WORTMANN, JR.
Assistant United States Attorney
617-748-3207

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

John Denaro, pro se
No 23187-038
FPC Pensacola
Federal Prison Camp
110 Raby Ave
Pensacola, FL 32509

This 17th day of March, 2005.

/s John A. Wortmann, Jr
JOHN A. WORTMANN, JR.
Assistant United States Attorney