IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON, DIVISION

CIVIL CASE NO.# 05-10432-RWZ

IN THE MATTER OF,

JOHN DENARO# 23187-038
PETITIONER,

- Vs -

UNITED STATES OF AMERICA
RESPONDENT,
_____/

**PETITIONER, JOHN DENARO'S REPLY TO GOVERNMENT'S
RESPONSE TO HIS MOTION FOR RELIEF UNDER
28 U.S.C. SECTION 2255**

**PREFATORY**

COMES NOW, JOHN DENARO, PETITIONER, pursuant to the Government March 17, 2005 response, to his § 2255 motion and move this court with the foregoing reply. Notwthstanding, the following is submitted in support thereof :

**PROCEDURAL HISTORY**

On November 16, 2001, this court sentenced Mr. Denaro to a 135 month term of imprisonment to be served in the Bureau of Prison. The sentence followed Mr. Denaro's July 11, 2001 plead of guilty to all charges named in a superseding indictment for allegedly conspiring to distribute 500 grams of cocaine in violation of 21 U.S.C. § 846 and § 841 (a)(1).

A timely appeal was ensued, and on March 14, 2004, the

First Circuit Court of Appeals affirmed Mr. Denaro's conviction and sentence. See, e.g. United States V. Denaro, 2004 WL 502878 (1st Cir. 2004).

On March 3, 2005 Mr. Denaro complied with the ADEPA and timely filed his motion for habeas relief under 28 U.S.C. § 2255. On     March 17, 2005 the government responded opposing Mr. Denaro's requested relief.

The foregoing reply follows  the aforementioned proceedings.

## SUMMARY

Mr. Denaro hereby expresses a true belief  that the government, while opposing relief to this § 2255 cause, overlooks intrinsic facts of the case. Similarly, the government 's opposition conflicts with case law of this Circuit, superior Courts, and the Constitution. Put more succinctly, the government dispute Mr. Denaro's § 2255 motion at large. For these reasons, the court should conduct an evidentiary hearing to allow Mr. Denaro an opportunity to further develop material facts relative to his Blakely claim.

## ARGUMENT

### STANDARD OF REVIEW

A motion under 28 U.S.C. § 2255 can be dismissed without a hearing if the petitioner's allegation, accepted as true, would not entitled the petitioner to relief, or if the allegations cannot be accepted as true becuase they are

contradicted by the record, inherentely incredible, or conclusive rather than statement of fact. Murchu V. United States, 926 F.2d 50 (1st Cir. 1991)(Citing, Dziurgot V. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)). Thus, based on Blakely V. Washington, 542 U.S. _____ (2004); Booker V. United States, 543 U.S. _____ (2005), the underlying facts, if proved true, will entitled Mr. Denaro to habeas relief. Therefore, the court should conduct an evidentiary hearing.

### 1. Based On Blakely V. Washington; Booker V. United States, This Court Should Obtain The Requisite Subject Matter Jurisdiction To Entertain Mr. Denaro's Current § 2255 Petition

Mr. Denaro argues that Blakely, established a newly created right within meaning of 28 U.S.C. § 2255 (3). Booker similarly applied the Blakely's right to the Sentencing Guidelines. Therefore, this court should entertain Mr. Denaro's Blakely/Booker claims. See, Also, Dodd V. United States, 365 F.3d 1273 (holding that court's "other than" the Supreme Court can make the retroactivity decision for purposes of § 2255 (3)). Hence, the government's response conflicts with § 2255 (3); Dodd, insofar as the Blakely and Booker authorities cannot apply to Mr. Denaro's current § 2255 motion at this stage of his case.

Alternatively, Mr. Denaro avers that based on Blakely, this court should "equitably toll" the one year limitation period for filing his § 2255 petition. Its axiomatic that the statute of limitations set forth in 28 U.S.C. § 2255, as amended by the AEDPA, is subject to equitable tolling. Cf, Celikoski

V. United States, 114 F.Supp.2d 42 (D.R.I. 2000). In Celikoski, the court acknowledged that, the equitable tolling doctrine is limited to exceptional cases where the claimant has exercised due diligence in preserving his legal right variety claims of excusable neglect. Celikoski, 114 F.Supp.2d id. at 44.

Thus, given rise to the case laws which foreclosed Mr. Denaro from previously prevailing on his underlying claims, the newly recognized rights created in Blakely and Booker, coupled with Mr. Denaro's diligent attempts to decrease the district court's unwarranted enhancements, it can be said that he has provided the court with the necessary circumstances to equitably toll the time period to file his foregoing § 2255 claims - if deemed untimely.

For all of these reasons, this court should obtain the requisite subject matter jurisdiction to entertain Mr. Denaro's current collateral attack. Consequently, an evidentiary hearing is required.

### 2. The Government Misconstrued And Overlooks The Facts Of The Case Which Proves That The Court's Previous Enhancements Are Constitutionally Infirmed

In its response, the government misconstrues that Mr. Denaro pled guilty to an indictment charging him for distributing 5 kilograms or more of cocaine. Contrarily, he pled guilty only to 500 grams. The government misconstrues and overlooks that Mr. Denaro mandatory minimum was 10 years, when in fact its 5 years. The government overlooks that the court held Mr. Denaro responsible for 7,066 grams of cocaine - 6,566 grams

more than what he pled guilty to without notice in violation of Blakely and Booker, supra. The government overlooks that the, additional 4-point enhancement applied to Mr. Denaro's offense level for alleged aggravating role in the offense under § 3B1.1 (a) of U.S.S.G., was not ascertained in the written plea-agreement and unbeknownst to Mr. Denaro prior to sentencing in violation of Blakely and Booker.

These intrinsic facts proves that the court's previous enhancements are constitutionally infirmed, but the government diligently misconstrues and overlooks these facts in its response.

However, said facts are explicitly spelled out in Mr. Denaro's opening § 2255 petition, and should now be taken into consideration. Most important, if proved true, Mr. Denaro will be entitled to habeas relief. Therefore, the court should conduct an evidentiary hearing to allow Mr. Denaro an opportunity to further develop material facts relative to these Blakely and Booker claims.

## CONCLUSION

**WHEREFORE,** premises are considered, Mr. Denaro pray that the foregoing relief sought is hereby granted, respectively.

Submitted By,

*John Denaro*
John Denaro, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTFY that on this __31__ day of March, 2005, true copies of the foregoing was mailed to the United States District Court for the District of Massachusette, and U.S. Attorney's office at 1 Courthouse Way, Boston, Massachusette 02210.

Respectfully Submitted

*/s/ John Denaro*
John Denaro, pro se
Reg. No.# 23187-038
FPC-Pensacola
110 Raby Avenue
Pensacola, Florida 32509