UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10432-RWZ

JOHN DENARO

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

November 7, 2005

ZOBEL, D.J.

    In July 2001, petitioner John Denaro pled guilty in federal court to conspiracy and several related substantive counts charging possession of cocaine with intent to distribute. The superseding indictment cited 500 grams of cocaine, and petitioner acknowledged this amount in his plea. Prior to accepting petitioner's plea, the court informed him that he might be subject to a mandatory minimum sentence of either five or ten years. See U.S. v. Denaro, 90 Fed. Appx. 555, 557 (1st Cir. 2004). In its pre-sentence report, the United States Probation Office attributed a total of 7,066 grams of cocaine to petitioner and derived his base offense level from this amount. Petitioner objected to this figure at sentencing and unsuccessfully moved to withdraw his plea. In November 2001, he received a sentence of 135 months plus four years of supervised release. On appeal to the First Circuit, petitioner challenged the court's denial of his motion to withdraw his plea, the attribution to him of cocaine in excess of the statutory range punishable by the criminal statute to which he pled guilty, treatment of certain

adverse testimony as credible, and the finding that at least five people participated in the conspiracy charged. See id. at 556-59. The First Circuit denied all of his claims in March of 2004, and petitioner now moves to vacate the sentence under 28 U.S.C. § 2255 on the ground that the court's attribution to him of additional cocaine for sentencing purposes violated his Sixth Amendment right to trial by jury. See United States v. Denaro, 2004 WL 503878 (1st Cir. 2004).

The thrust of petitioner's argument relies upon the reasoning set forth in June of 2004 in Blakely v. Washington, 124 S. Ct. 2531 (2004), that

> the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* . . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

Blakely, 124 S. Ct. at 2537 (emphasis in original). See also, Apprendi v. New Jersey, 530 U.S. 466 (2000). According to petitioner, the court exceeded this authority by sentencing him according to a guideline range based on an amount of cocaine larger than the amount to which he pled and, thereby, improperly subjected him to a mandatory minimum sentence of ten years. (See Pet.'s Mot. to Vacate. 7-8, 11). Even assuming *arguendo* that petitioner asserted a colorable Sixth Amendment claim under Blakely, the First Circuit has ruled that Blakely does not apply retroactively, at least until the United States Supreme Court instructs such application. See Cirilo-Munoz v. U.S., 404 F.3d 527, 533 (1st Cir. 2005) (explaining that "[w]e have already decided that Apprendi . . . which provides jury trials for increasing *statutory* maximums, would not

apply retroactively . . . .  This resolves any comparable <u>Blakely</u>-like claim in this circuit")  (emphasis in original).

Accordingly, petitioner's habeas petition (# 1 on the docket) and his corresponding motion to vacate the sentence (# 2 on the docket) are both denied. Judgment may be entered dismissing the petition.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |